# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

September 16, 2025

The Honorable Laura Taylor Swain,
   United States District Judge,
      Daniel Patrick Moynihan,
         United States Courthouse,
           500 Pearl St.,
              New York, New York 10007-1312.

          Re:    *Scaturo, et al.* v. *Fanatics, Inc., et al.*, No. 25-cv-02202;
                 *Jones* v. *Fanatics, Inc., et al.*, Consolidated Case No. 25-cv-05776

Dear Chief Judge Swain:

      I represent the National Basketball Association and NBA Properties, Inc. in the above-captioned actions (the "Litigations"), which are pending before the Court.

      Kiera S. Judge, one of your former law clerks, joined Sullivan & Cromwell LLP on September 10, 2025 as an associate in the firm's New York office. I am writing pursuant to New York Rule of Professional Conduct 1.12, which (i) bars a former law clerk from representing a client in connection with a matter in which he or she participated personally and substantially while clerking, and (ii) describes notification and screening requirements that must be put in place to ensure that the former law clerk does not share information regarding the matter with others at the firm. This letter sets out Sullivan & Cromwell LLP's compliance with the requirements of Rule 1.12.

      1.    Sullivan & Cromwell LLP has taken the following steps to screen Ms. Judge from the Litigations:

          a.    My partner, Matthew Schwartz, has notified Ms. Judge in writing that she is not to participate in the Litigations, discuss them with lawyers or nonlawyer personnel working on them, or review any documents relating to them.

          b.    Mr. Schwartz has notified in writing all lawyers, legal analysts, legal assistants, and lawyers' secretaries involved

-2-

        with the Litigations that they are not to discuss the Litigations with Ms. Judge or allow her access to documents concerning them.

    c.    Mr. Schwartz sent a memorandum to the firm's Records Department instructing them not to allow Ms. Judge to have access to any files relating to the Litigations. This also triggers restrictions on Ms. Judge's access to electronic documents relating to those litigations.

2.    As Ms. Judge is a salaried employee, she will not share in any fees attributable to our work on the Litigations.

Please let me know if the Court requires any additional information concerning this matter, and I would be happy to provide it.

    Respectfully,

*/s/ Richard C. Pepperman II*
Richard C. Pepperman II

*Counsel for National Basketball Association and NBA Properties, Inc*

cc:    All Counsel of Record (via ECF)