UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT SCATURO; SCOTT BUBNICK; JOSEPH DAVIDOV; STEVEN MARDAKHAEV; and JONATHAN MADAR, individually and on behalf of all others similarly situated,<br><br>      *Plaintiff*,<br><br>v.<br><br>FANATICS, INC.; FANATICS, LLC; FANATICS COLLECTIBLES INTERMEDIATE HOLDCO, INC.; FANATICS SPV, LLC; FANATICS HOLDINGS, INC.; MAJOR LEAGUE BASEBALL; MAJOR LEAGUE BASEBALL PROPERTIES, INC.; MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION; MLB PLAYERS, INC.; NATIONAL FOOTBALL LEAGUE; NFL PROPERTIES LLC; NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION; NFL PLAYERS, INC.; NATIONAL BASKETBALL ASSOCIATION; NBA PROPERTIES, INC.; NATIONAL BASKETBALL PLAYERS ASSOCIATION; and ONETEAM PARTNERS LLC,<br><br>      *Defendants*. | Case No. 1:25-cv-02202-LTS-VF<br><br>**REPORT OF RULE 26(f) CONFERENCE AND PROPOSED CASE MANAGEMENT PLAN** |

   In accordance with Federal Rule of Civil Procedure 26(f) and Judge Figueredo's Individual Practices, the parties met on October 9, 2025, and exchanged communications thereafter. The parties now submit the following report for the Court's consideration:

**Preliminary Statement:**

Plaintiffs:

In advance of the Case Management Conference that this Court scheduled for October 20, 2025, and consistent with this Court's Report of Rule 26(f) Conference and Proposed Case Management Plan form, Plaintiffs contacted Defendants on October 3, 2025, seeking a Rule 26(f) conference. On October 9, 2025, the parties held a teleconference and Defendants refused to engage in a Rule 26(f) conference because, in their view, it was premature.

Defendants maintained that discussing the schedule and related issues was premature given their pending motions to compel arbitration and motions to dismiss. In essence, Defendants are seeking a stay of discovery (without making a motion). Defendants' request to stay discovery should be denied. While "district courts have discretion to stay discovery for good cause pending resolution of a motion to dismiss . . . imposition of a stay is not appropriate simply on the basis that a motion to dismiss has been filed." *In re Platinum & Palladium Commodities Litig.*, No. 10-3617, 2010 WL 11578945, at *1 (S.D.N.Y. Nov. 30, 2010) (cleaned up). "In determining whether there is good cause warranting a stay, courts consider (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *BAE Sys. Info. & Elec. Sys. Integration Inc. v. L3 Harris Cincinnati Elecs. Corp.*, No. 23-1860, 2023 WL 4187489, at *1 (S.D.N.Y. June 26, 2023) (internal quotations omitted).

None of those justifications for "good cause" warranting a stay applies in this case. Plaintiffs' antitrust claims are based on the same factual allegations which this Court already upheld in *Panini America, Inc. v. Fanatics, Inc. et al.*, No. 23-9714 (S.D.N.Y.), meaning there

can be no credible argument from Defendants that Plaintiffs' claims are unmeritorious. The *Panini* case is already proceeding to discovery, much of which overlaps with what Plaintiffs here will seek, obviating any additional burden argument. And Plaintiffs, who purchase and plan to continue to purchase trading cards allegedly monopolized by Defendants' schemes, would be unfairly prejudiced by an unwarranted delay in this action, since they would continue to suffer harm from Defendants' ongoing misconduct if it is not enjoined. Defendants' standing arguments fail both because Plaintiffs have purchased and will continue to purchase impacted cards and seek injunctive relief [ECF No. 163 at 54-57], and because all Plaintiffs have purchased some impacted cards, meeting the requirements for class standing covering all cards, *id*. at 58-59.

Arguments for a stay based on the motion to compel arbitration filed by certain (but not all) Defendants fare no better. Among other things, and as explained in Plaintiffs' opposition to the motion to compel arbitration [ECF No. 162]: (1) five of eight Defendants did not move to compel arbitration, *id*. at 3-4; (2) the moving Defendants did not move to compel two Plaintiffs' (Scaturo and Mardakhaev) claims to arbitration, *id*. at 3; (3) four of five Plaintiffs opted out of the arbitration provision, *id.*, at 9 and 9 n. 7; (4) even a full win for Defendants on the motion to compel arbitration would impact only 10 out of 40 claims, *id*. at 22; and (5) the arbitration provision does not apply to the other (or any) Plaintiffs' claims, *id*. at 7-11. Moving Defendants' arbitration arguments do not apply to all claims nor to all Plaintiffs, and any appeal from an order denying the motion to compel arbitration will be similarly limited to certain claims of certain Plaintiffs. *See Kwik Ticket Inc. by Shamah v. Spiewak*, No. 20CV01201FBSJB, 2020 WL 5658723, at *1–2 (E.D.N.Y. Sept. 23, 2020) ("[E]ven if some Defendants might successfully

compel arbitration of some claims, not all Defendants would be sent to arbitration. It is therefore inappropriate to stay all discovery[.]").

Plaintiffs respectfully request that this Court reject Defendants' argument and enter a discovery schedule as proposed by Plaintiffs' below.

Defendants:

Given that briefing of motions to dismiss and compel arbitration are set and at an early stage in this case, and have not commenced in *Jones et al. v. Fanatics Inc. et al.*, Consolidated Case No. 1:25-cv-05776-LTS-VF (S.D.N.Y.), Defendants believe that any matters concerning discovery should appropriately be addressed after briefing is completed. Therefore, Defendants believe a case management conference at this stage would be premature.

Plaintiffs argue that discovery should open in this case simply because discovery is open in the *Panini v. Fanatics* matter. Plaintiffs seek to ride the coattails of this Court's ruling on the motion to dismiss in *Panini*, but they ignore critical differences between that case and this one. Indeed, no Defendant in the present action other than Fanatics was a party in *Panini*. That discovery involving Fanatics is proceeding in *Panini* is not a reason to permit discovery to proceed against the non-Fanatics Defendants in the separate *Scaturo* action, where all Defendants have strong motions to dismiss pending.

*First*, *Panini* did not involve a motion to compel arbitration. In this case, by contrast, Fanatics and other Defendants[1] have moved to compel arbitration of the claims of certain Plaintiffs,

---

[1] Plaintiffs make much of the fact that only some Defendants have moved to compel arbitration without acknowledging the reason for this: there have been no sales of trading cards that would give rise to arbitration for those Defendants as there have been no trading cards produced or sold under the terms of the Fanatics' licensing agreements with NBA, NFL, NBPA, and NFLPA. While these Defendants therefore

and to stay the claims of *all* Plaintiffs pending arbitration. *See* ECF No. 141. Courts routinely stay discovery in similar circumstances. *See, e.g.*, *Smith v. Experian Info. Sols., Inc.*, No. 22-cv-06960 (VSB), 2023 U.S. Dist. LEXIS 112052, at *2, 6 (S.D.N.Y. June 6, 2023) (explaining that courts follow a "general practice" to impose "a stay of discovery … while [a] motion to compel arbitration [is] pending" because otherwise, the parties "will forever lose the advantages of arbitration"). Indeed, "a stay [of discovery] pending a motion to compel arbitration should be granted absent compelling reasons to deny it." *Merida Capital Partners III LP v. Fernane*, No. 25-cv-01235 (JAV), 2025 WL 1541072, at *4 (S.D.N.Y. May 30, 2025). There are no such compelling reasons here. And, even if the Court were to deny the motions to compel arbitration, the moving Defendants would have an immediate right to appeal. *See* 9 U.S.C. § 16(a). This makes entering a case schedule particularly premature.[2]

*Second*, *Panini* did not involve the fundamental standing issues raised here, particularly by Fanatics and the NFL and NBA league and players association Defendants, which have raised a lack of both Article III standing and antitrust standing. *See, e.g.*, ECF No. 144 at 18-20. When Plaintiffs filed their complaint, the license agreements between Fanatics and the NFL and NBA leagues and players association Defendants were not in effect. Accordingly, Plaintiffs indisputably could not have purchased newly issued, fully licensed NFL or NBA trading cards directly from Fanatics. Nor could they have paid "inflated prices" for those Fanatics cards as a result of any alleged conduct by Fanatics. Where, as here, "[D]efendants' arguments set forth in the Rule 12(b)(1) dismissal motion are colorable and raise threshold challenges to the Court's subject-

---

do not join the motion to compel arbitration, they argue that Plaintiffs do not have standing against them for the same reason.

[2] Further, Judge Figueredo has already explained that it will be up to Judge Swain to enter a schedule for summary judgment and any further proceedings once fact discovery is complete. *See* ECF No. 175 (May 1, 2025 Conference Tr.) at 23:6-14.

matter jurisdiction and Plaintiff's standing to bring suit," a stay of discovery is appropriate. *Renois v. WVMF Funding, LLC*, No. 20-cv-09281 (LTS) (DF), 2021 WL 1721818, at *1 (S.D.N.Y. April 30, 2021) (granting stay and collecting authorities). In addition to these fundamental standing issues, Defendants' other strong Rule 12(b)(6) arguments also weigh in favor of a discovery stay. *See, e.g.*, *Palladino v. JPMorgan Chase & Co.*, 730 F. Supp. 3d 4, 11 (E.D.N.Y. 2024); *Pujals v. BDO USA, P.C.*, 2025 WL 2644238, at *4 (S.D.N.Y. Sept. 15, 2025).

*Finally*, courts routinely stay discovery until after the resolution of a motion to dismiss in antitrust cases because discovery in antitrust cases is often exceptionally voluminous and burdensome. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (cautioning that discovery in antitrust cases is expensive); *see also Cubicle Enters. LLC v. Rubik's Brand Ltd.*, 2018 WL 11224256, at *1 (S.D.N.Y. July 19, 2018) (citing *Twombly*, 550 U.S. at 558-59) (staying discovery with respect to antitrust claims at least until post-discovery briefing of trademark claims due to the "extensive scope of discovery in antitrust cases").

If the Court prefers Defendants to file a separate letter-motion to stay discovery, Defendants are happy to do so.

1. **Court Expectations:**

    **Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

    **Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

    **Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

>   **Competence.** Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**Counsel are directed to the Model Confidentiality Stipulation and Proposed Protective Order and Stipulation and [Proposed] Order Concerning the Protocol for Conducting Remote Depositions on Judge Figueredo's Individual Practices Page.**

**Counsel represent by their signature below that they have read and will comply with the above.**

2. **Summary of Claims, Defenses, and Relevant Issues:**

Plaintiffs:

Plaintiffs allege that beginning in August 2021 and continuing through the present, Defendant Fanatics, in conspiracies involving all Defendants, engaged in a campaign to monopolize the market for NBA player trading cards, NFL player trading cards, and MLB player trading cards first by securing long-term exclusive licensing contracts with all major sports leagues and players associations by promising them a share of the future trading card monopoly profits; and then weaponizing its impending market dominance even before those agreements took effect to coerce market participants in an expansive scheme to systematically exclude from the market its only remaining competitor, resulting in fewer choices, lower quality, and higher prices for direct purchasers of NBA player trading cards, NFL player trading cards, and MLB player trading cards. Plaintiffs seek treble damages and injunctive relief, demanding a trial by jury of all issues so triable, under Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1 and 2), and Sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 15, 26).

Defendants:

Defendants refer the Court to the summary of allegations in their motions to dismiss. *See* ECF Nos. 129, 131, 133, 135, 137, 140, 144, 150, 152. As set forth in the motions to dismiss and

motions to compel arbitration, certain Plaintiffs' claims are subject to arbitration; Plaintiffs lack standing to pursue their claims concerning newly issued, fully licensed NFL and NBA cards; and their claims fail as a matter of law for a host of additional reasons.

3. **Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction):**

Plaintiffs:

Plaintiffs bring claims under Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1 and 2, seeking treble damages pursuant to Section 4 of the Clayton Antitrust Act, 15 U.S.C. § 15, and injunctive relief pursuant to Section 16 of the Clayton Antitrust Act, 15 U.S.C. § 26. This Court has subject matter jurisdiction over the Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1337(a).

Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 15 U.S.C. §§ 15 and 22, as each Defendant resides, transacts business, committed an illegal or tortious act, has an agent, and/or can be found in this District.

This Court has personal jurisdiction over the Defendants, as each of the Defendants is either incorporated in this District, markets and distributes Trading Cards in this District, enters into contracts within this District, and/or otherwise transacts business within this District.

Defendants:

Defendants contend that the Court lacks subject matter jurisdiction as set forth in their motions to dismiss. *See, e.g.*, ECF No. 144 at 18-20; ECF No. 152 at 6-7.

4. **Subjects on Which Discovery May Be Needed:**

Plaintiffs:

Plaintiffs anticipate seeking discovery on the facts related to the parties' claims and defenses including, but not limited to: Fanatics' production and sale of sports trading cards;

Fanatics' licensing agreements with the Leagues and Players Associations for the production and sale of sports trading cards, including the negotiation of those agreements and OneTeam's facilitation of the same; Fanatics' alleged market power; the alleged anti-competitive conduct; Fanatics' transactional sales data; NFLPA's termination of its Panini licensing agreement; and OneTeam's agreements with MLBPA and NFLPA.

Defendants:

Defendants refer the Court to their position in the Preliminary Statement above.

5.  **Informal Disclosures:**

Plaintiffs:

As set forth below and in the attached Exhibit A (Proposed Case Schedule), Plaintiffs propose that all parties disclose the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure by November 3, 2025.

Defendants:

Defendants refer the Court to their position in the Preliminary Statement above.

6.  **Discovery Plan:**

Plaintiffs:

Plaintiffs propose, consistent with the proposed schedule attached as Exhibit A:

A.  All fact discovery must be completed by April 1, 2027. Within **one week** of the close of fact discovery, that is April 8, 2027, the parties must file a joint letter on the docket certifying that fact discovery is complete.

B.  The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and Judge Figueredo's Individual Practices. The following interim deadlines may be

extended by the parties on written consent without application to the Court, **provided that** the parties meet the deadline for completing fact discovery set forth in paragraph 6(A) above.

 i. <u>Depositions</u>: Depositions of witnesses other than expert witnesses shall be completed by April 1, 2027. The parties are permitted to exceed the limitations on the number of depositions permitted per side absent leave of court set forth in Federal Rule of Civil Procedure 30(a)(2)(A)(i), but no party will be subject to more than 10 depositions, and no more than 60 depositions may be taken by, collectively, Plaintiffs or Defendants, absent good cause shown.

 ii. <u>Interrogatories:</u> Initial sets of interrogatories shall be served on or before October 20, 2026, and shall comply with Local Civil Rule 33.3(a). All subsequent interrogatories must be served no later than 30 days before the fact discovery deadline (March 2, 2027) and shall comply with Local Civil Rule 33.3(c).

 iii. <u>Requests for Admission:</u> Requests for admission must be served no later than 30 days before the fact discovery deadline (March 2, 2027).

 iv. <u>Requests for Production:</u> Initial requests for production will be exchanged on November 14, 2025, and responses shall be due on December 15, 2025. All subsequent requests for production must be served no later than 30 days before the fact discovery deadline (March 2, 2027).

   v.  <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information, and in any event, no later than the fact discovery deadline.

<u>Defendants:</u>

Defendants refer the Court to their position in the Preliminary Statement above.

7. **<u>Anticipated Discovery Disputes:</u>**

<u>Plaintiffs:</u>

None anticipated at this time.

<u>Defendants:</u>

Defendants refer the Court to their position in the Preliminary Statement above.

8. **<u>Amendments to Pleadings:</u>**

 a. Does any party anticipate amending the pleadings?

  Plaintiffs anticipate amending the pleadings, consistent with the schedule proposed in Exhibit A and below, once initial discovery has been produced and/or in response to decisions from this Court. Defendants refer the Court to their position in the Preliminary Statement above.

 b. Plaintiffs propose, consistent with the proposed schedule attached as Exhibit A, that the last date to amend any pleading shall be October 20, 2026. Amendment of pleadings after this date will only be permitted upon a showing of "good cause" under Fed. R. Civ. P. 16(b)(4). Defendants refer the Court to their position in the Preliminary Statement above.

9. **<u>Expert Witness Disclosures:</u>**

 a. Does any party anticipate utilizing experts? Plaintiffs anticipate utilizing experts, including regarding: classwide injury and damages, market power and market definition, and the trading card industry. Defendants refer the Court to their position in the Preliminary Statement above.

    b.    Plaintiffs propose, consistent with the proposed schedule attached as Exhibit A, that expert discovery shall be completed by November 1, 2027. Within **one week** of the close of expert discovery, that is, November 8, 2027, the parties must file a joint letter on the docket certifying that all discovery is complete. This letter should also state which dispositive motions, if any, each party intends to file. Defendants refer the Court to their position in the Preliminary Statement above.

10.    **Electronic Discovery and Preservation of Documents and Information:**

    a.    Have the parties discussed discovery of electronically stored information (ESI)? No. Plaintiffs state that the parties will make arrangements to do so prior to negotiations over document production. Defendants refer the Court to their position in the Preliminary Statement above.

    b.    Is there an ESI discovery protocol in place? No.

    c.    Are there issues the parties would like to address concerning the preservation of evidence and/or ESI discovery at the Initial Case Management Conference? No.

11.    **Early Settlement or Resolution:**

The parties have not discussed the possibility of settlement. Plaintiffs propose, consistent with the proposed schedule attached as Exhibit A, that a settlement conference be held no later than November 2, 2026. The following information is needed before settlement can be discussed: fact discovery, including the production of transactional data and analyses of that data by economists for all parties. Defendants refer the Court to their position in the Preliminary Statement above.

12.    **Trial:**

    a.    Plaintiffs anticipate, consistent with the proposed schedule attached as Exhibit A, that this case will be ready for trial by June 5, 2028. Defendants refer the Court to their position in the Preliminary Statement above.

    b.    Plaintiffs anticipate that the trial of this case will require 21 days. Defendants refer the Court to their position in the Preliminary Statement above.

    c.    The parties do not consent to a trial before a Magistrate Judge at this time.

      d.      The parties request a jury trial.

13. **Other Matters:**

In addition to the dates listed above, Plaintiffs request that a full briefing schedule be entered, and propose the dates attached hereto as Exhibit A. Defendants refer the Court to their position in the Preliminary Statement above.

Respectfully submitted this 13th day of October, 2025.

| | |
|---|---|
| */s/   John Radice*  | */s/                                    \**  |
| John Radice | Lawrence E. Buterman |
| Daniel Rubenstein | **Latham & Watkins LLP** |
| April Lambert (*pro hac vice forthcoming*) | 1271 Avenue of the Americas |
| Clark Craddock | New York, NY 10020 |
| Charles Z. Kopel | (212) 906-1264 |
| **Radice Law Firm, P.C.** | lawrence.buterman@lw.com |
| 475 Wall Street | |
| Princeton, NJ 08540 | Amanda P. Reeves (*pro hac vice*) |
| Phone (646) 245-8502 | **Latham & Watkins LLP** |
| Fax: (609) 385-0745 | 555 Eleventh Street, NW, Suite 1000 |
| jradice@radicelawfirm.com | Washington, DC 20004 |
| drubenstein@radicelawfirm.com | (202) 637-2200 |
| alambert@radicelawfirm.com | amanda.reeves@lw.com |
| ccraddock@radicelawfirm.com | |
| ckopel@radicelawfirm.com | Christopher S. Yates (*pro hac vice*) |
| | **Latham & Watkins LLP** |
| *Counsel for Plaintiffs and* | 505 Montgomery Street, Suite 2000 |
| *the Proposed Class* | San Francisco, CA 94111 |
| | (415) 391-0600 |
| | chris.yates@lw.com |
| | |
| | *Attorneys for Defendants Fanatics, Inc.* |
| | *Fanatics, LLC, Fanatics Collectibles* |
| | *Intermediate Holdco, Inc., Fanatics* |
| | *SPV, LLC, and Fanatics Holdings, Inc.* |
| */s/                                    \** | */s/                                    \** |
| Jeffrey Brown | Bradley I. Ruskin |
| **Dechert LLP** | David A. Munkittrick |
| Three Bryant Park | Jeffrey H. Warshafsky |
| 1095 Avenue of the Americas | Tara M. Brailey |
| New York, NY | **Proskauer Rose LLP** |
| (212) 698-3511 | 11 Times Square |

jeffrey.brown@dechert.com

George G. Gordon (*pro hac vice*)
Julia E. Chapman (*pro hac vice*)
Forrest E. Lovett (*pro hac vice*)
**Dechert LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994-4000
Fax: (215) 994-2222
george.gordon@dechert.com
julia.chapman@dechert.com
forrest.lovett@dechert.com

Elena Kamenir (*pro hac vice*)
**Dechert LLP**
1900 K Street, NW
Washington, D.C. 20006
Tel.: (202) 261-3482
Fax: (202) 261-3333
elena.kamenir@dechert.com

*Counsel for Defendant OneTeam Partners LLC*

/s/_____*
Yehudah L. Buchweitz
Joseph R. Rausch
**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Fax: (212) 310-8007
yehudah.buchweitz@weil.com
joseph.rausch@weil.com
Meagan K. Bellshaw (*pro hac vice*)
**Weil, Gotshal & Manges LLP**
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7140
Facsimile: (202) 857-0940
meagan.bellshaw@weil.com

*Counsel for Major League Baseball Players Association and MLB Players Inc.*

New York, NY 10036
bruskin@proskauer.com
dmunkittrick@proskauer.com
jwarshafsky@proskauer.com
tbrailey@proskauer.com

Colin R. Kass (*pro hac vice*)
**Proskauer Rose LLP**
101 Pennsylvania Avenue, N.W.
Suite 600 South
Washington, D.C. 20004
ckass@proskauer.com

*Counsel for National Football League and NFL Properties LLC*

/s/_____*
C. Scott Lent
Timothy A. Roche (*pro hac vice*)
**Arnold & Porter Kaye Scholer LLP**
250 W. 55th Street
New York, NY 10019
Tel: (212) 836-8220
Fax: (212) 836-8689
scott.lent@arnoldporter.com
tim.roche@arnoldporter.com

Keron J. Morris (*pro hac vice*)
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Ave., NW
Washington, DC 20001
Tel: (202) 942-6537
Fax: (202) 942-5999
keron.morris@arnoldporter.com

*Counsel for Defendant National Basketball Players Association*

| | |
|---|---|
| /s/ _____ *<br>Richard C. Pepperman II<br>Benjamin R. Walker<br>Sheeva L. Nesva<br>**Sullivan & Cromwell LLP**<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>peppermanr@sullcrom.com<br>walkerb@sullcrom.com<br>nesvas@sullcrom.com<br><br>*Counsel for Defendants National Basketball Association and NBA Properties, Inc.* | /s/ _____ *<br>Jeffrey L. Kessler<br>David L. Greenspan<br>Adam I. Dale<br>Sarah L. Viebrock<br>**Winston & Strawn LLP**<br>200 Park Avenue<br>New York, NY 10166<br>(212) 294-6700<br>jkessler@winston.com<br>dgreenspan@winston.com<br>aidale@winston.com<br>sviebrock@winston.com<br><br>*Counsel for Defendants National Football League Players Association and NFL Players, Inc.* |

/s/ _____ *
Anjali Srinivasan
Cody S. Harris (*pro hac vice*)
R. Adam Lauridsen (*pro hac vice*)
**Keker, Van Nest & Peters LLP**
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
asrinivasan@keker.com
charris@keker.com
alauridsen@keker.com

*Attorney for Defendants Major League Baseball and Major League Baseball Properties, Inc.*

* /s/ signature used with consent in Accordance with ECF Rule 8-5(b)

CC: All Counsel of Record (via ECF)

DATED:      New York, New York

October _____, 2025    SO ORDERED,

_____
**VALERIE FIGUEREDO**
**United States Magistrate Judge**