UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROBERT SCATURO, et al.,

                                    Plaintiffs,

            -against-                                           25-CV-02202 (LTS) (VF)

FANATICS, INC., et al,                                **ORDER**

                                    Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

      This action was referred to the undersigned for general pretrial supervision on March 21, 2025. See ECF No. 45. In connection with submitting a proposed case management plan, Defendants argued that discovery should be stayed until after the Court rules on the pending motions to dismiss and motions to compel arbitration. ECF No. 165 at 4-6. At the case management conference on October 17, 2025, both sides addressed the issue of whether a temporary stay of discovery was appropriate. See ECF No. 169. For the reasons set forth below, discovery in this case is hereby stayed.

      Pursuant to Federal Rule of Civil Procedure 26(c), the Court has discretion to stay discovery upon a showing of good cause. Mirra v. Jordan, No. 15-CV-4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016). Courts determining whether to grant a stay of discovery during the pendency of a dispositive motion consider "(1) whether the movant has made a strong showing that the non-movant's claim is meritless; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Configure Partners LLC v. RACI Holdings LLC, No. 22-CV-8631 (RA) (JW), 2023 WL 2811135, at *1 (S.D.N.Y. Apr. 6, 2023). The movant bears the burden of showing good cause. Id. Defendants have shown good cause for a stay in discovery.

1

First, Defendants have raised strong arguments that Plaintiffs' claims are either subject to dismissal for lack of Article III standing and/or antitrust standing, or are subject to arbitration. See ECF No. 165 at 4-6; ECF No. 169 at 9-16, 20-25. And particularly as it concerns the claims that may be subject to arbitration, requiring Defendants to participate in discovery, before the motion is decided, may prejudice Defendants, who can appeal a denial of their motion to compel arbitration. Second, discovery in this antitrust case would be costly and expansive and, at a minimum, should be coordinated with any discovery in the pending consolidated class action. Moving forward with this case alone is not an efficient use of judicial resources. Finally, a short delay of a few months, to await resolution of the pending motions to dismiss and to compel arbitration, would assist in potentially narrowing the claims at issue and the scope of discovery, and would not unduly prejudice Plaintiffs, who in any case proposed a deadline for the close of fact discovery of April 1, 2027, allowing for ample time to engage in discovery once the pending motions are resolved. See ECF No. 165-1.

For the foregoing reasons, discovery is stayed pending disposition of the pending motions to dismiss and motions to compel arbitration.

**SO ORDERED.**

DATED:   New York, New York
         October 23, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge