UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT SCATURO, SCOTT BUBNICK, JOSEPH DAVIDOV, STEVEN MARDAKHAEV, AND JONATHAN MADAR,<br><br>individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>FANATICS, INC.; FANATICS, LLC; FANATICS COLLECTIBLES INTERMEDIATE HOLDCO, INC.; FANATICS SPV, LLC; FANATICS HOLDINGS, INC.; MAJOR LEAGUE BASEBALL; MAJOR LEAGUE BASEBALL PROPERTIES, INC.; MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION; MLB PLAYERS, INC.; NATIONAL FOOTBALL LEAGUE; NFL PROPERTIES LLC; NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION; NFL PLAYERS, INC.; NATIONAL BASKETBALL ASSOCIATION; NBA PROPERTIES, INC.; NATIONAL BASKETBALL ASSOCIATION PLAYERS ASSOCIATION; AND ONETEAM PARTNERS LLC,<br><br>　　　　　　　　　　Defendants. | Case No. 1:25-cv-02202-LTS-VF<br><br>**ORAL ARGUMENT REQUESTED** |

**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO STAY CLAIMS**

Defendants Fanatics, Inc., Fanatics, LLC, Fanatics Collectibles Intermediate Holdco, Inc., and Fanatics SPV, LLC (together, "Fanatics"), Major League Baseball and Major League Baseball Properties, Inc. (together, "MLB/PI"), and Major League Baseball Players Association and MLB Players, Inc. (together, "MLBPA/I" and, with Fanatics and MLB/PI, "Defendants") submit this Opposition to Plaintiffs' Motion for Leave to File a Sur-Reply, ECF No. 182 ("Motion for Leave").

## I. INTRODUCTION

Plaintiffs seek leave to file a sur-reply to address a 2024 Supreme Court case that they easily could have raised in their Opposition to Defendants' Motion to Compel Arbitration. In the Reply, Defendants directly responded to the arguments in the Opposition and did not raise any "new" arguments. The Court should deny Plaintiffs' Motion for Leave.

## II. LEGAL STANDARD

A sur-reply is appropriate only in the "exceptional" and "rare" case where a reply "raise[s] new issues which are material to the disposition of the question before the court." *Penzo v. Consol. Edison Co.*, 2024 WL 3824072, at *16 (S.D.N.Y. Aug. 15, 2024) (citations omitted); *see also Sonix Carriers, Inc. v. SVES LLC*, 2024 WL 2330843, at *2 (S.D.N.Y. May 21, 2024) (denying sur-reply because defendant did not raise new arguments in the reply brief) (Swain, C.J.). If the reply simply responds to arguments first advanced in the opposition, a sur-reply is not permitted. *See DT v. Somers Cent. Sch. Dist.*, 2009 WL 10706891, at *2 (S.D.N.Y. Feb. 11, 2009), *aff'd*, 348 F. App'x 697 (2d Cir. 2009) (denying sur-reply where defendants merely "responded to matters that were raised for the first time in plaintiffs' response papers"); *Polidoro v. Law Firm of Jonathan D'Agostino*, 2022 WL 20596709, at *5 (S.D.N.Y. May 19, 2022) (denying sur-reply where defendant's argument was not "new" and was merely ""offered in response to arguments raised by plaintiff himself in opposition to summary judgment").

### III.    ARGUMENT

Plaintiffs fail to satisfy the standard for a sur-reply. Plaintiffs seek leave to file a sur-reply to address the Supreme Court's 2024 decision in *Coinbase, Inc. v. Suski*, 602 U.S. 143 (2024), which held that, when two dispute resolution agreements conflict on the issue of jurisdiction—*i.e.*, arbitration or court—the court (not an arbitrator) answers that threshold question. In their Opposition, Plaintiffs argued that "the Topps.com [TOU] supersedes obligations under the Fanatics.com TOU" because the former contains a merger clause. ECF No. 162 at 11. Plaintiffs easily could have argued at the same time that the question of which TOU "supersedes" the other is a question for the court, not the arbitrator—but they failed to do so. Indeed, Plaintiffs made *other* arguments in their Opposition about arbitrability (*e.g.*, that the Fanatics TOU does not delegate arbitrability, so "the arbitrability determination belongs in this Court," *id.* at 14-16), but they failed to raise the arbitrability question as to their "superseding" argument. They cannot now raise it in a sur-reply in an effort to address a Supreme Court case decided over a year before Plaintiffs filed their Opposition. *See Preston Hollow Cap. LLC v. Nuveen Asset Mgmt. LLC*, 343 F.R.D. 460, 466 (S.D.N.Y. 2023) (courts disfavor a sur-reply where the moving party was on notice of the issue and had "ample opportunity" to address it (citation omitted)); *Stamos v. AoP Operating Co.*, 2022 WL 5103135, at *1 n.1 (D.N.J. Oct. 4, 2022) (a sur-reply "is not meant to be used as a vehicle for providing the [c]ourt with arguments that could have been included in the [ ] opposition brief" (citation omitted) (alterations in original)).

Nor did Fanatics raise any "new" argument in its Reply. To the contrary, Fanatics directly responded to the "superseding" argument raised in Plaintiffs' Opposition. Specifically, Fanatics explained that Plaintiffs' argument that "a customer's agreement to the Topps.com TOU 'extinguishes any obligations' under other websites' TOUs," ECF No. 179 at 7 (quoting Opp. at 10-11), implicates an interpretation of the "subject matter" of the Fanatics.com TOU—a question

that is delegated to the arbitrator. *Id.* That is not a "new" argument; it is a direct "respon[se] to matters that were raised for the first time in [P]laintiffs' [Opposition] papers." *DT*, 2009 WL 10706891, at *2 (denying sur-reply).

Further, *Suski* is not "material to the disposition" of Defendants' Motion to Compel Arbitration. *Penzo*, 2024 WL 3824072, at *16. Fanatics argued in its Reply that, even if, as Plaintiffs advocate, the Court—as opposed to an arbitrator—were to interpret the "subject matter" of the Fanatics.com TOU to decide the "superseding" question, the plain language of the Fanatics.com TOU would defeat Plaintiffs' argument. ECF No. 179 at 8. This alternative argument renders *Suski* immaterial to resolution of Defendants' Motion to Compel Arbitration.

In any event, *Suski* does not apply here. In that case, the Supreme Court held that, where two dispute resolution agreements conflict on the question of jurisdiction—*i.e.*, arbitration or court—the court determines which agreement governs that gateway question. 602 U.S. at 150. Here, there is no conflict between the Topps TOU and the Fanatics TOU on the issue of jurisdiction—both demand arbitration, and moreover, the agreements address different "Properties" (*i.e.*, different websites), *see* ECF No. 179 at 8, so there is no similar gateway question or conflict for the court to resolve. The absence of any conflict on the question of jurisdiction takes this case outside the scope of *Suski*.

In an attempt to avoid the fact that *Suski* does not apply, Plaintiffs cite *Kyre v. Experian Info. Sols., Inc.*, 2025 WL 1549895 (M.D.N.C. May 30, 2025), an out-of-circuit case, for the proposition that, under *Suski*, "only courts may determine which agreement controls." ECF No. 182-1 at 6. But in *Kyre*, the court only had to determine which contract applied because the plaintiff denied that he had ever agreed to the second contract. *See Kyre*, 2025 WL 1549895, at *8. This created a "formation question for the court and not a question of scope (which is for the

arbitrator)." *Id.* Here, by contrast, Plaintiffs do not dispute that they agreed to both the Fanatics.com and Topps.com TOUs (and affirmatively rely on the latter). Plaintiffs do not address this distinction, which renders *Kyre* wholly inapposite.[1]

## IV.   CONCLUSION

Plaintiffs are not entitled to a second bite at the apple on a well-known Supreme Court case they could have addressed in their Opposition. Fanatics did not raise "new" arguments in its Reply, and the Court should deny Plaintiffs' Motion for Leave.

Dated: December 5, 2025                    Respectfully submitted,

**LATHAM & WATKINS LLP**

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
lawrence.buterman@lw.com

Amanda P. Reeves (*pro hac vice*)
David L. Johnson (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200
amanda.reeves@lw.com
david.johnson@lw.com

Christopher S. Yates (*pro hac vice*)
Alicia R. Jovais (*pro hac vice*)
505 Montgomery Street, Suite 2000

---

[1] A court in this District examined facts similar to those here and held that *Suski* applies only where there is a conflict between an agreement with a forum selection clause and another agreement with an arbitration clause. *Cloney's Pharmacy, Inc. v. Wellpartner, Inc.*, 2024 WL 4349291, *10 (S.D.N.Y. Sept. 30, 2024) ("The conflict between the arbitration clause and the forum selection clause was essential to the Court's analysis [in *Suski*]."); *see also Coredero v. Solgen Power LLC*, 2024 WL 5066061, at *2 (D. Or. Dec. 11, 2024) (holding that *Suski* does not apply because the "two contracts" at issue do "not explicitly or implicitly conflict"). There is no such conflict here.

San Francisco, CA 94111
(415) 391-0600
chris.yates@lw.com
alicia.jovais@lw.com

*Counsel for Defendants Fanatics, Inc.; Fanatics, LLC; Fanatics Collectibles Intermediate Holdco, Inc.; Fanatics SPV, LLC; and Fanatics Holdings, Inc.*

**WEIL, GOTSHAL & MANGES LLP**

*/s/ Yehudah L. Buchweitz*\*
Yehudah L. Buchweitz
Joseph R. Rausch
767 Fifth Avenue
New York, NY 10153
(212) 310-8000
yehudah.buchweitz@weil.com
joseph.rausch@weil.com

Meagan K. Bellshaw
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7140
megan.bellshaw@weil.com

*Counsel for Major League Baseball Players Association and MLB Players, Inc.*

**KEKER, VAN NEST & PETERS LLP**

*/s/ Cody S. Harris*\*
Cody S. Harris
Adam Lauridsen
Anjali Srinivasan
Taylor L. Reeves
633 Battery Street
San Francisco, CA 84111
(415) 391-5400
charris@keker.com
alauridsen@keker.com
asrinivasan@keker.com
treeves@keker.com

*Counsel for Major League Baseball and Major League Baseball Properties, Inc.*

\* Fanatics uses electronic signatures with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.

**CERTIFICATION OF WORD COUNT COMPLIANCE**

I, Lawrence E. Buterman, hereby certify that the Opposition to Plaintiffs' Motion for Leave to File a Sur-Reply Memorandum of Law complies with the word-count limitation in Local Civil Rule 7.1(c) of the United States District Courts for the Southern and Eastern Districts of New York and Section A.2.h. of Chief Judge Swain's Individual Practices. According to the word processing software used to prepare this document, the memorandum contains 1,170 words, excluding the parts of the document exempted by Section A.2.h.

Date: December 5, 2025                    */s/ Lawrence E. Buterman*
                                          Lawrence E. Buterman