May 13, 2026

**VIA ECF**

The Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re: *Scaturo v. Fanatics, Inc. et al.*, No. 1:25-cv-2202-LTS-VF – Defendants' Opposition
> to Plaintiffs' Request for Leave to Conduct Limited Discovery

Dear Judge Figueredo,

Defendants oppose Plaintiffs' request for leave to conduct "limited discovery" to obtain pricing data for a potential Second Amended Complaint or to dismiss the case without prejudice. This request is both meritless and futile. Discovery is stayed; Plaintiffs' First Amended Complaint ("FAC") was already dismissed for lack of Article III standing, so Plaintiffs cannot voluntarily dismiss their claims; and this belated discovery gambit cannot salvage their failed claims.

Plaintiffs have had almost two months to move for leave to amend after the Court granted them an extra 30 days on top of the 21 days the Court originally provided. The Court warned that Plaintiffs' "[f]ailure to make a timely motion for leave to supplement their allegations in a further amended complaint, or to demonstrate in such a motion that amendment would not be futile, will result in dismissal of this action *with prejudice*."[1] March 23, 2026 Memorandum Opinion and Order ("MTD Order") at 29, ECF 190 (emphasis added). Plaintiffs now concede that they do not have a basis to cure their deficient pleading. *See* Mot. at 1 (admitting they do not have sufficient information to allege they have suffered any harm arising from the Defendants' alleged conduct without first obtaining discovery from Fanatics). That admission is fatal and exposes Plaintiffs' request for what it is: an impermissible "fishing expedition" to "obtain[] extra information prior to amending a complaint." *K.A. v. City of New York*, 2021 WL 5889254, at *2 (S.D.N.Y. Dec. 13, 2021) (Swain, C.J.). This Court stayed all discovery on October 23, 2025, ECF No. 172, and reaffirmed that stay in the MTD Order, stating that "[if] Plaintiffs move to amend, discovery shall remain stayed pending further order of the Court." MTD Order at 29.

Plaintiffs' requested discovery would not cure the standing deficiencies that compelled dismissal of the FAC. For instance, the Court previously held that Plaintiffs failed to allege facts showing that the claimed price differences between Panini's and Fanatics' cards were caused by anticompetitive conduct, rather than other factors, or that Plaintiffs had purchased any of the cards they claimed had increased in price (or comparable ones). *See* MTD Order at 25–26. The requested discovery would not fill that gap: pricing data alone would not establish the impact of

---

[1] If Plaintiffs do not file a motion for leave to amend—the deadline for which is approximately one hour from this filing—they waive any further amendment, and their request for discovery is moot.

inflation, changes in input costs, or product comparability.  Nor would it show whether Plaintiffs actually purchased cards whose prices increased because of the challenged conduct.

In seeking pricing data from Fanatics, Plaintiffs misconstrue the pleading deficiency the Court identified.  The Court held that "none of the named Plaintiffs adequately allege that they have overpaid or will imminently overpay for trading cards sold by Defendants." *Id.* at 15–16.  It was not pricing data Plaintiffs lacked; it was specific allegations *as to Plaintiffs themselves* that would establish their own standing.  The cards Plaintiffs allegedly purchased and the prices they paid for those cards are information in Plaintiffs' possession.  Plaintiffs either have information demonstrating their personal standing, or they do not.  Their letter-motion confirms they do not.

In addition, no amount of Fanatics data can change the fact that, when the FAC was filed, "it was actually impossible" for Plaintiffs to have purchased newly-issued, fully-licensed NBA or NFL trading cards from Fanatics.  MTD Order at 17.   Plaintiffs cannot cure that defect by alleging post-filing events in a further amended complaint.  "Events occurring after the filing of the complaint cannot operate so as to create standing where none previously existed," because any other rule would invite plaintiffs to race to the courthouse and file lawsuits based on speculation or "mere hope" that a constitutional controversy will materialize.  *City of Hartford v. Towns of Glastonbury*, 561 F.2d 1032, 1051 n.3 (2d Cir. 1976) (en banc; plurality opinion); *see also Bank v. NFL Props. LLC*, 2025 WL 2961849, at *8–9 (S.D.N.Y. Oct. 20, 2025) (explaining that "the weight of authority in this Circuit distinguish[es] between defective *jurisdiction* and defective *allegations of jurisdiction*," and holding that because the "court lacked subject matter jurisdiction over [plaintiff's] initial complaint[,] . . . seeking leave to amend his complaint would have been futile"), *appeal docketed*, No. 25-2940 (2d Cir. Nov. 19, 2025).

Nor do Plaintiffs have any legal basis to seek discovery in search of a viable claim.  "It is well established that '[a] plaintiff who has failed adequately to state a claim is not entitled to discovery.'" *Life Project, LLC v. GRAIL, Inc.*, 2025 WL 416022, at *6 (S.D.N.Y. Feb. 5, 2025) (quoting *Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016)).  Indeed, "*before proceeding to discovery*, a complaint must allege facts suggestive of illegal conduct." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (emphasis added).  And where, as here, the "complaint is deficient," a plaintiff "is not entitled to discovery, cabined or otherwise." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009).  "[T]he default rule of civil litigation is that discovery may only be obtained on matters relating to pending—not dismissed—claims." *Act Now to Stop War & End Racism Coalition v. Dist. of Columbia*, 286 F.R.D. 117, 131 n.7 (D.D.C. 2012); *see also In re German Auto. Mfrs. Antitrust Litig.*, 335 F.R.D. 407, 409 (N.D. Cal. 2020) ("Supreme Court . . . precedent prevents this Court from allowing discovery related to dismissed claims."). Plaintiffs' request flies in the face of this settled law.

The out-of-circuit cases Plaintiffs cite offer them no refuge.  In *Prince George's County v. Wells Fargo & Co.*, 397 F. Supp. 3d 752 (D. Md. 2019), the court largely *denied* the motion to dismiss and deferred decision on several issues—a far cry from the complete dismissal for lack of standing here.  *See id.* at 767–68.  In *Montgomery County v. Bank of America Corp.*, the court similarly denied the motion to dismiss in large part.  421 F. Supp. 3d 170, 191–93 (D. Md. 2019). And in *Menard v. CSX Transportation, Inc.*, 698 F.3d 40 (1st Cir. 2012), the plaintiff sued a rail yard after being struck by a train; despite dismissal for failure to state a claim, the First Circuit permitted discovery into the rail yard's investigation because those materials "could easily reveal

2

just what its employees saw," while "one might not expect precise recollection from a man badly injured by a switched track and shortly thereafter hit and dragged under the train." *Id.* at 45. Here, Plaintiffs have access to their own purchase histories. It speaks volumes that Plaintiffs admit that they cannot plead that they suffered injury without seeking discovery from Fanatics.

Finally, Plaintiffs' alternative request that the Court permit them to voluntarily dismiss their case without prejudice makes no sense. The Court has already dismissed Plaintiffs' operative complaint—the FAC—and made clear that dismissal will be with prejudice in the absence of a successful motion for leave to amend in accordance with the MTD Order. There is nothing left for Plaintiffs to voluntarily dismiss. Plaintiffs' reliance on cases in which the plaintiff voluntarily dismissed a case while a motion to dismiss was pending, not after it was already granted, is misplaced. *See Estate of Saufer v. Citigroup Inc.*, 2015 WL 3429112, at *3–4 (S.D.N.Y. May 27, 2015); *Fredericks v. Desrochas*, 2024 WL 5506181, at *1–2 (S.D.N.Y. Nov. 12, 2024).

Plaintiffs' request should be denied, and their complaint dismissed with prejudice.

Dated: May 13, 2026

Respectfully submitted,*

*/s/ Jeffrey Brown*
Jeffrey Brown
**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY
(212) 698-3511
jeffrey.brown@dechert.com

George G. Gordon (*pro hac vice*)
Julia E. Chapman (*pro hac vice*)
Forrest E. Lovett (*pro hac vice*)
**Dechert LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994-4000
Fax: (215) 994-2222
george.gordon@dechert.com
julia.chapman@dechert.com
forrest.lovett@dechert.com

Elena Kamenir (*pro hac vice*)
**Dechert LLP**
1900 K Street, NW
Washington, D.C. 20006
Tel.: (202) 261-3482
Fax: (202) 261-3333
elena.kamenir@dechert.com

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
**Latham & Watkins LLP**
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
lawrence.buterman@lw.com

Amanda P. Reeves (*pro hac vice*)
David L. Johnson (*pro hac vice*)
**Latham & Watkins LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200
amanda.reeves@lw.com
david.johnson@lw.com

Christopher S. Yates (*pro hac vice*)
Alicia R. Jovais (*pro hac vice*)
**Latham & Watkins LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600
chris.yates@lw.com
alicia.jovais@lw.com

*Attorneys for Defendants Fanatics, Inc.,*
*Fanatics, LLC, Fanatics Collectibles*
*Intermediate Holdco, Inc., Fanatics*
*SPV, LLC, and Fanatics Holdings, Inc.*

*Counsel for Defendant OneTeam*
*Partners LLC*

/s/ Yehudah L. Buchweitz
Yehudah L. Buchweitz
Joseph R. Rausch
**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Fax: (212) 310-8007
yehudah.buchweitz@weil.com
joseph.rausch@weil.com

Meagan K. Bellshaw (*pro hac vice*)
**Weil, Gotshal & Manges LLP**
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7140
Facsimile: (202) 857-0940
meagan.bellshaw@weil.com

*Counsel for Major League Baseball*
*Players Association and MLB Players*
*Inc.*

/s/ Bradley I. Ruskin
Bradley I. Ruskin
David A. Munkittrick
Jeffrey H. Warshafsky
Tara M. Brailey
**Proskauer Rose LLP**
11 Times Square
New York, NY 10036
bruskin@proskauer.com
dmunkittrick@proskauer.com
jwarshafsky@proskauer.com
tbrailey@proskauer.com

Colin R. Kass (*pro hac vice*)
**Proskauer Rose LLP**
101 Pennsylvania Avenue, N.W.
Suite 600 South
Washington, D.C. 20004
ckass@proskauer.com

*Counsel for National Football League and*
*NFL Properties LLC*

/s/ Richard C. Pepperman II
Richard C. Pepperman II
Benjamin R. Walker
Sheeva L. Nesva
**Sullivan & Cromwell LLP**
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
peppermanr@sullcrom.com
walkerb@sullcrom.com
nesvas@sullcrom.com

*Counsel for Defendants National Basketball*
*Association and NBA Properties, Inc.*

/s/ C. Scott Lent
C. Scott Lent
Esther Ha Yoon Sohn
Timothy A. Roche (*pro hac vice*)
**Arnold & Porter Kaye Scholer LLP**
250 W. 55th Street
New York, NY 10019
Tel: (212) 836-8220
Fax: (212) 836-8689
scott.lent@arnoldporter.com
esther.sohn@arnoldporter.com
tim.roche@arnoldporter.com

Keron J. Morris (*pro hac vice*)
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Ave., NW

4

Washington, DC 20001
Tel: (202) 942-6537
Fax: (202) 942-5999
keron.morris@arnoldporter.com

*Counsel for Defendant National Basketball Players Association*

*/s/ Anjali Srinivasan*
Anjali Srinivasan
Cody S. Harris (*pro hac vice*)
R. Adam Lauridsen (*pro hac vice*)
**Keker, Van Nest & Peters LLP**
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
asrinivasan@keker.com
charris@keker.com
alauridsen@keker.com

*Attorney for Defendants Major League Baseball and Major League Baseball Properties, Inc.*

*/s/ Jeffrey L. Kessler*
Jeffrey L. Kessler
David L. Greenspan
Adam I. Dale
Sarah L. Viebrock
**Winston & Strawn LLP**
200 Park Avenue
New York, NY 10166
(212) 294-6700
jkessler@winston.com
dgreenspan@winston.com
aidale@winston.com
sviebrock@winston.com

*Counsel for Defendants National Football League Players Association and NFL Players, Inc.*

*/s/ signatures used with consent in accordance with ECF Rule 8.5(b).

cc: All Counsel of Record (via ECF)

5