**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
ROBERT SCATURO, et al.,

                                        Plaintiffs,                    **25-CV-02202 (LTS) (VF)**

                -against-                                              **ORDER**

FANATICS, INC., et al,

                                        Defendants.
-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

On May 6, 2026, Plaintiffs submitted a letter motion seeking permission to obtain limited

pre-amendment discovery from Defendants. ECF No. 194. Plaintiffs seek sales data produced by

Fanatics in another pending case, *Panini Am., Inc. v. Fanatics, Inc.*, 23-CV-9714. Id. at 2.

Plaintiffs seek this information so that they can amend their complaint with specific factual

allegations regarding the prices of trading cards and the timing of any price changes. Id. at 1-2.

Such information, according to Plaintiffs, would assist in showing that Plaintiffs purchased

trading cards at inflated prices and cure a deficiency identified by the Honorable Laura Taylor

Swain in her March 23, 2026 decision granting Defendants' motion to dismiss the complaint.

Defendants oppose Plaintiffs' request. ECF No. 196. In the alternative, Plaintiffs seek dismissal

without prejudice under Federal Rule of Civil Procedure 41(a)(1), arguing that Defendants have

not yet answered or moved for summary judgment. ECF No. 194 at 3. The Court held a

conference on May 20, 2026, to address Plaintiffs' letter motion. For the reasons stated,

Plaintiffs' request for limited discovery is **DENIED**.

"As the Supreme Court has emphasized, a plaintiff must allege facts supporting a

plausible claim before being entitled to discovery. . . ." Melendez v. Sirius XM Radio, Inc., 50

1

F.4th 294, 307 (2d Cir. 2022) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)); see also

Ashcroft, 556 U.S. at 686 (reasoning that where the complaint fails to adequately plead a claim,

the plaintiff "is not entitled to discovery, cabined or otherwise"); Main St. Legal Servs., Inc. v.

Nat'l Sec. Council, 811 F.3d 542, 567 (2d Cir. 2016) ("A plaintiff who has failed adequately to

state a claim is not entitled to discovery."). "[D]iscovery is authorized solely for parties to

develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in

order to permit a plaintiff to find out whether he has such a claim, and still less to salvage a

lawsuit that has already been dismissed for failure to state a claim." Main St. Legal Servs., 811

F.3d at 567-68 (alteration in original) (quoting Podany v. Robertson Stephens, Inc., 350 F. Supp.

2d 375, 378 (S.D.N.Y. 2004)). Courts consistently deny requests for discovery to assist in

amending a complaint to state a viable claim. See K.A. v. City of New York, 2021 WL 5889254,

at *2 (S.D.N.Y. Dec. 13, 2021) (collecting cases denying discovery requests that were "lodged

for the purpose of obtaining extra information prior to amending a complaint"); see also Gallego

v. Tandem Diabetes Care, Inc., 2025 WL 1548881, at *3 (E.D.N.Y. May 31, 2025) ("Plaintiff has

not yet pleaded a plausible claim for relief and is therefore not entitled to discovery.").

Plaintiffs argue that the pricing information needed to adequately plead the existence of

an injury, given Judge Swain's decision, is solely in Defendants' possession and not available

from other sources. ECF No. 194 at 3. But even if so, that is not a basis to deviate from the well-

settled principle in this Circuit that a plaintiff is not "entitled to discovery solely for the purpose

of bolstering an amended complaint." Freeman v. HSBC Holdings PLC, 2025 WL 622549, at *5

(E.D.N.Y. Feb. 26, 2025); see also Acklin v. Eichner, 2024 WL 4826799, at *21 (S.D.N.Y. Nov.

18, 2024) ("But Defendants are not obligated to produce such information to Plaintiffs so that

Plaintiffs may adequately plead a claim for relief."). As Judge Swain stated in K.A., "[t]he

2

Federal Rules of Civil Procedure require Plaintiffs to state a claim upon which relief may be granted *without access to information that is solely in Defendants' sole control*." 2021 WL 5889254, at *2 (italics added).

Plaintiffs rely on out-of-circuit cases that permitted limited discovery for purposes of amending a pleading. See ECF No. 194 at 2 (citing Menard v. CSX Transp., Inc., 698 F.3d 40, (1st Cir. 2012); Prince George's Cty., Md. v. Wells Fargo & Co., 397 F. Supp. 3d 752 (D. Md. 2019); Montgomery Cty., Md. v. Md. Bank of Am., Corp., 421 F. Supp. 3d 170 (D. Md. 2019)). But the Court declines to follow those cases given the clear authority from courts in this Circuit.

Finally, Plaintiffs in the alternative seek voluntary dismissal without prejudice. ECF No. 194 at 3. Although Plaintiffs are correct that unilateral dismissal without prejudice is possible prior to a defendant serving an answer or a motion for summary judgment, Fed. R. Civ. P. 41(a)(1)(A)(i), the cases Plaintiffs cite involved a pending motion to dismiss. Estate of Saufer v. Citigroup Inc., 2015 WL 3429112, at *3 (S.D.N.Y. May 27, 2015); Fredericks v. Desrochas, 2024 WL 5506181, at *2 (S.D.N.Y. Nov. 12, 2024). Chief Judge Swain already granted Defendants' motion to dismiss "in full" and dismissed the first amended class action complaint "in its entirety." ECF No. 190 at 29. Although Judge Swain granted Plaintiffs permission to file a motion for leave to amend, she indicated that dismissal would be with prejudice if Plaintiffs failed to move for leave, or failed to demonstrate in a motion for leave to amend that amendment would not be futile. Id. Accordingly, in light of Judge Swain's decision on the motion to dismiss, voluntary dismissal without prejudice is foreclosed. Plaintiffs can, however, file a motion for leave to file a second amended complaint. In their May 6, 2026 letter, Plaintiffs indicated that they intended to seek an extension of the May 13, 2026 deadline for filing a motion for leave to amend. ECF No. 194 at 3 n. 3. In light of that request and given that the Court did not rule on

Plaintiffs' letter motion until after the May 13 deadline, the May 13 deadline is hereby extended to **June 5, 2026**. If Plaintiffs intend to file a motion for leave to file a second amended complaint, they must do so by **June 5, 2026**.

The Clerk of Court is respectfully directed to close the motion at ECF No. 194.

**SO ORDERED.**

DATED:      New York, New York
            May 20, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge